# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA CAREY and JAMES P. CAREY, | |
| Plaintiffs, | CIVIL ACTION NO. 3:05-CV-0688 |
| v. | (JUDGE CAPUTO) |
| KOS PHARMACEUTICALS, INC., | |
| Defendant. | |

## MEMORANDUM

Before me is Defendant's Motion to Dismiss (Doc. 14). It seeks dismissal of Plaintiffs' six count complaint which seeks recovery under Title VII of the Civil Rights Act of 1964, 420 U.S.C. § 2000e, *et seq.*, for a sexually hostile work environment. In addition, three are state claims under the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, *et seq*. (PHRA), for assault and battery, intentional infliction of emotional distress, negligence and loss of consortium.

The plaintiffs concede the failure to exhaust remedies under the PHRA and have therefore conceded that Count II should be dismissed.

Because the Plaintiff has adequately pleaded a sexually hostile work environment, assault and battery, and loss of consortium, the motion will be denied as to Counts II, III and VI. The motion will be granted as to Count IV and Count V for failure to state a claim upon which relief can be granted and preemption of the PHRA, respectively.

## **DISCUSSION**

I. **Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*,

1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Electronics v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

II.     **Sexual Harassment Claim**

To state the obvious, pleading under Rules of Civil Procedure is notice pleading; not fact pleading.  *See* Rule 8, Fed.R.Civ.P., and *Swierkiewicz v. Sorema*, *N.A.*, 534 U.S. 506, 513 ("Rule 8's simplified pleading standard applies to all civil actions. . . ").

The elements of a hostile work environment under Title VII in this case are:

(1) the plaintiff suffered intentional discrimination because of her gender;

(2) the discrimination was pervasive and regular;

(3) the discrimination detrimentally affected Plaintiff;

(4) the discrimination would detrimentally affect a reasonable person of the same sex in that position;

(5) Plaintiff suffered a tangible adverse employment action as a result of the harassment; and,

(6) *Respondeat superior* liability exists.

The complaint adequately pleads a claim for relief for sexual harassment.  (See Complaint ¶¶ 7, 8, 9, 10, 11, 14, 16, 18, 19, 20, 22, 23, 24, 25, 35, 39, 40, 41, 42 and 43).

III.     **The Remaining Counts**

1.     Assault and Battery

The complaint adequately pleads the state cause of action of assault and battery.  It

alleges that Mr. McNew assaulted the plaintiff while in the scope of his employment. At this stage of the proceedings, viewing the allegations in the light most favorable to the plaintiff, the allegations that the assault occurred while at a conference sponsored by Defendants for employees of Defendant states a cause of action. *See Costa v. Roxborough Memorial Hospital*, 708 A.2d 490, 493 (Pa. Super. 1998).

### 2. **Intentional Infliction of Emotional Distress**

Defendant seeks dismissal on the grounds that the allegations do not allege extreme and outrageous conduct on the part of Plaintiff's supervisor, Mr. McNew, and the claim is preempted by the Pennsylvania Workers' Compensation law.

The elements of intentional infliction of emotional distress are:

(1) the Defendant's conduct must be intentional and reckless;

(2) the conduct must be extreme and outrageous;

(3) the conduct must cause emotional distress; and,

(4) the distress must be severe.

*Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)(citing Restatement (Second) of Torts § 46 (1965)).

#### a. **Preemption**

The Workers Compensation Act, 77 P.S. § 481(a) (WCA) provides the exclusive remedy for work related injuries, however there is an exception for employee injuries caused by the intentional conduct of third parties for reasons unrelated to an employee's employment:

4

> **the term "injury arising in the course of employment". . . shall not include an injury caused by the act of the third person intended to injury the employee because of reasons personal to him, and not directed against him as an employee or because of his employment.**

77 Pa. Const. Stat. Ann. § 411 (1).

The gist of this exception is whether "the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was sufficiently unrelated to the work situations so as not to arise out of the employment relationship." *Fugarino v. University Services, et al.*, 123 F.Supp. 2d 838, 844 (E.D. Pa. 2000). Here, the Plaintiff alleges unwanted sexual advances, comments, internet messages and offensive physical contact of a sexual nature. While, these allegations would appear to be personal in nature and not be a display of generalized contempt, but since they occurred in the workplace, the exception may not apply. *See Id.* and compare *DeWyer v. Temple University, et al.*, 2001 WL 115461 (E. D. Pa. 2001) at 4. I need not determine whether the WCA provides the exclusive remedy because I find the complaint does not state a cause of action for intentional infliction of emotional distress.

      b.    **Failure to State a Claim**

Pennsylvania courts have allowed recovery for intentional infliction of emotional distress only in the most egregious cases. *See Hoy v. Angelone*, 691 A.2d 476, 484 (Pa. Super. 1997). Where sexual harassment is the basis of the claim the United States Court of Appeals for the Third Circuit observed that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress*." Andrews v. City of*

5

*Philadephia*, 895 F.2d 1469 (3d Cir. 1990)(*quoting from Cox v. Keystone Carbon,* 861 F.2d 390 (3d Cir. 1988).   Moreover, "the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." *Id.*

Here, the alleged conduct while totally unacceptable, does not fall within the rubric of extreme and outrageous.   In *Hoy v. Angelone*, *supra*., the conduct included sexual propositions, vile and filthy language, off color jokes, physical groping and posting sexually suggestive pictures. There the conduct was held not to rise to the required level of outrageousness so as to constitute that element in the tort of intentional infliction of emotional distress.  Here, the conduct alleged is no more severe.  Therefore, the motion to dismiss Count IV will be granted.

    c.    **Negligent Hiring of McNew**

Defendant argues that the PWCA and the PHRA preempt the negligent supervisor claims, and it should be dismissed.

    i.    **PWCA**

As in the intentional infliction of emotional distress analysis, the issue is whether the exception in the PWCA *viz* the personal answers exception, takes the negligent supervision claim out of the PWCA.   *See Hoy v. Angelone, supra* and *Wamkessel v. East Penn Mfg. Co., Inc.*, 2004 U.S. Dist. Lexis 7028 (E.D. Pa. 2004).

As I noted in the intentional infliction of emotional distress part of this memorandum, the allegations while personal in nature, did occur in the workplace.  The objectionable

behavior was similar to that in *Hoy v. Angelone, supra*, and not as outrageous as the conduct in *Warmkessel, supra*.

I need not decide whether the PWCA preempts this claim because it is preempted by the PHRA.

### ii. **PHRA**

Negligent supervision clauses, especially those involving sexual harassment, are preempted by the PHRA. *Steltz v. Keystone Community Blood Bank of Miller-Keystone Blood Center*, 2005 W.L. 281999 at *1 (E.D. Pa. 2005 ("[W]here plaintiff's negligence claim is more precisely a claim for negligent supervision because the claim essentially alleges failure to train, supervise and investigate, the claim is preempted by PHRA").  Moreover, there are no allegations apart from the sexual harassment claim in plaintiff's complaint, and as a result, the negligence claim is preempted.  *See McGovern v. Jack D's Incf.*, 2004 U.S. Dist. Lexis 1985 at *22 (E.D. Pa. 2004).

For these reasons, Count V will be dismissed.

## **CONCLUSION**

Therefore, the motion will be denied as to Counts II and III and granted as to Counts IV and V.

An appropriate order follows.


Date   April 21, 2006                     S/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARIA CAREY and JAMES P. CAREY,

    Plaintiffs,

    v.

KOS PHARMACEUTICALS, INC.,

    Defendant.

CIVIL ACTION NO. 3:05-CV-0688

(JUDGE CAPUTO)

## **ORDER**

NOW, this 21st day of April, 2006, **IT IS HEREBY ORDERED** that Defendant Kos Pharmaceuticals, Inc.'s Motion to Dismiss (Doc. 14) is DENIED IN PART and GRANTED IN PART, as follows:

1. It is DENIED as to Counts II (Hostile Work Environment) and III (Assault and Battery), respectively; and,

2. It is GRANTED as to Counts IV (Intentional Infliction of Emotional Distress) and V (Negligent Supervision).

                                              S/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge